UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH W. MORGAN,

        Plaintiff,                                  Civil No. 05-258-HA

        v.                                     OPINION AND ORDER

JO ANNE B. BARNHART,

        Defendant.

_____

TIM WILBORN
Wilborn & Associates
2020-C S.W. Eighth Avenue
West Linn, Oregon   97068-4612
        Attorney for Plaintiff


KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon   97204-2904

CAROL A. HOCH
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington   98104-7075
        Attorneys for Defendant

HAGGERTY, Chief Judge:

Plaintiff Joseph Morgan (Morgan) seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)).  For the following reasons, the Commissioner's final decision is affirmed.

## PROCEDURAL BACKGROUND

Born in 1963, Morgan filed for DIB on May 17, 2001.  Tr. 60 - 62.[1]  He alleged disability due to "crush injuries to both legs," which includes crushed tibia and fibula in both legs, a broken left ankle and broken right knee.  Tr. 71.  Morgan contends he has been unable to work due to these impairments since September 21, 1997.  Tr. 71.  Between 1987 and 2000 Morgan worked as a traffic assistant, manufacturing production worker, office assistant, machine operator, and industrial products inspector.  Tr. 72.  Between 2000 and 2003 Morgan worked at a manufacturing plant and as a call center operator.  Tr. 66, 624.

Morgan's application was denied initially.  A hearing was held before an Administrative Law Judge (ALJ) on October 9, 2003.  Tr. 19, 619.  On October 30, 2003 the ALJ issued a decision that found Morgan not disabled.  Tr. 19 - 23.  Between April and September 2004 Morgan submitted additional materials to the Appeals Council in support of his appeal of the ALJ's decision.  Tr. 603 - 618.  On December 29, 2004, the Appeals Council affirmed the ALJ's decision, additionally finding that Morgan performed substantial gainful activity throughout 2003.  Tr. 9.  Morgan now brings this action challenging the final decision of the Commissioner.

---

[1]  Citations "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer on June 28, 2005 [7].

2 - OPINION AND ORDER

For the purposes of this appeal, Morgan alleges disability beginning on January 1, 2003.

Plaintiff's Opening Brief at 2.

## MEDICAL BACKGROUND

Morgan's medical history includes multiple lower extremity surgeries following a

September 1997 motor vehicle accident.  Emergency surgery was performed in September 1997,

and reconstructive surgeries were performed in May 1998 and February 1999.  "Hardware

removal" occurred in August 1999.  Tr. 230-36, 240-48, 256-59, 269-71.  In March 2003,

Morgan suffered mononucleosis with associated fatigue.  Tr. 276-90.  Morgan also has an

established history of obsessive-compulsive disorder (OCD) and moderate anxiety.  Tr.  508-18.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential  process encompassing between one and five

steps in determining disability under the meaning of the Act.  Each step is potentially dispositive.

20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  Morgan challenges the

ALJ's evaluation of the evidence and his conclusions at step one.  Morgan also challenges the

ALJ's alternative finding at step four.

At step one, the ALJ determines whether the claimant is performing substantial gainful

activity (SGA).  If claimant is performing SGA, the claimant is not disabled.  20 C.F.R. §§

404.1520(4)(I), 404.1520(b), 404.1571, 404.1574(a).  If the ALJ so finds, the ALJ proceeds no

further.  *Yuckert*, 482 U.S. at 140.

If the claimant is not performing SGA, the ALJ proceeds to step two, at which the ALJ

determines if the claimant has "a severe medically determinable physical or mental impairment"

that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(4)(ii). If

the claimant does not have such a severe impairment, he or she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed"

impairment in the regulations. 20 C.F.R. § 404.1520(4)(iii). If the impairment is determined to

equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other

relevant evidence in assessing the claimant's residual functional capacity (RFC). The claimant's

RFC is an assessment of work-related activities the claimant may still perform on a regular and

continuing basis, despite limitations imposed by his or her impairments. 20 C.F.R. §§

404.1520(e), Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine if

the claimant can perform his or her past relevant work at step four, or perform work in the

national economy at step five.

If proceedings reach step five, the Commissioner must determine if the claimant is

capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-42;

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. 404.1520(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at

1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that

jobs exist in the national economy within the claimant's RFC. *Id.* If the Commissioner meets

this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

///

///

4 - OPINION AND ORDER

**THE ALJ'S FINDING**

The ALJ found that Morgan was maintaining SGA at the time of the hearing.  Tr. 22.
The ALJ therefore formally concluded his investigation at step one.  Because the ALJ stopped at
step one, no credibility finding was made.  Tr. 21-22.

Nevertheless, the ALJ briefly considered the medical evidence and heard vocational
testimony regarding Morgan's past relevant work.  Tr. 22-23, 642-45.  The ALJ found that
Morgan has non-severe obsessive-compulsive disorder and non-severe carpal tunnel syndrome.
Tr. 21.  He acknowledged Morgan's lower extremity injuries and surgeries, but made no specific
findings.  Tr. 21.  The ALJ concluded that the limitations Morgan identified stemming from his
lower extremity injuries did not preclude all "substantial gainful activity."  Tr. 21.

The ALJ assessed Morgan's RFC as follows:

> The evidence has established that the claimant is limited from
> lifting and carrying more than ten pounds frequently with an
> occasional 20 pound maximum.  He is limited to walking one and
> one-half blocks at a time.  He is limited to standing and walking
> two hours in an eight hour period.  He is  unable to climb ladders,
> stoop, crouch, or crawl.  He [is] limited to occasional stair
> climbing, balancing, stooping, and kneeling.  He has difficulty
> walking on uneven surfaces and has difficulty with balancing
> tasks.  He is limited to standing five to 10 minutes at a time.  He is
> limited from rapid movements on his feet.  Tr. 22.

A vocational expert testified that a claimant with this RFC could return to Morgan's past
relevant work as an office assistant or call center clerk.  Tr. 22, 644 - 45.  The ALJ accordingly
found Morgan not disabled at both steps one and four. Tr. 22-23.

///

///

5 - OPINION AND ORDER

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh "both the evidence that supports and detracts from the ALJ's conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d. 771, 772 (9th Cir. 1986)). The reviewing court "may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d at 750; *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Morgan does not contest the ALJ's step one finding as it pertains to the period prior to January 1, 2003, but contends that the ALJ erred in finding he could continue to perform SGA after that date. Morgan then suggests the ALJ failed to accurately assess his RFC because the ALJ did not properly address Morgan's ability to maintain sustainable employment. Specifically, Morgan suggests the ALJ failed to credit his testimony. Morgan also contends that the Appeals Council failed to address medical and lay evidence submitted after his hearing.

## I.    The ALJ's Step One Finding

The ALJ made a step one finding based upon Morgan's earnings records. Tr. 22. To proceed past step one, a claimant must show he is not performing SGA. 20 C.F.R. § 404.1520(4)(I). Morgan failed to meet this burden. The ALJ found that Morgan exceeded SGA

earnings between his April 2001 alleged onset date and May 2001. Tr. 20. The ALJ also found

Morgan exceeded SGA earnings between October 2001 December 2002. Tr. 20, 63-69. The

ALJ appropriately found that Morgan did not have a twelve-month period without SGA between

April 2001 and December 2002. Tr. 21. 20 C.F.R. §§ 1520(4)(I), 404.1520(b), 404.1571,

404.1574(a); *Yuckert*, 482 U.S. at 140. This finding is sustained.

However, the ALJ also found that Morgan was no longer performing SGA after January

2003. Tr. 21. In its December, 2004 decision, the Appeals Council reversed this conclusion,

finding that Morgan's earnings record indicated that he continued to earn SGA throughout 2003.

Tr. 9.

In his appeal, Morgan amends his alleged onset date to January 1, 2003. Plaintiff's

Opening Brief at 2. This establishes an alleged ten-month period of disability between Morgan's

amended January 2003 onset date and the ALJ's October 2003 decision. Morgan does not

address the Appeals Council's SGA finding.

This court reviews the ALJ's step four decision, rather than the Appeals Council's 2003

SGA finding, because the Commissioner provides no evidence or argument supporting this

finding. Defendant's Brief at 17.

## II.    The ALJ's Alternative Step Four Finding

The ALJ's step four finding was that Morgan could perform his past relevant work for the

period between January 1, 2003 and October 30, 2003. More precisely, the ALJ made an

"alternative finding" that that Morgan could return to his past relevant work as an office assistant

or incoming call center clerk. Tr. 23. Morgan contests this finding, saying "no evidence of

record of Plaintiff's treating physicians suggest that Plaintiff is capable of performing unsheltered

regular and sustained full time employment or that the Plaintiff is currently capable of performing substantial gainful activity even in part time employment." Plaintiff's Opening Brief at 14. Morgan also asserts that he has established through testimony that he is limited to part-time work.

Morgan does not point to any medical evidence in the record before the ALJ in support of his interpretation of the evidence. Instead, Morgan contends that the record lacks "substantial evidence" in support of the ALJ's decision and that his testimony and lay witness testimony establish that he cannot return to his past relevant work or perform substantial work in the national economy. Plaintiff's Opening Brief at 11-13.

To establish disability for the period between the ALJ's SGA finding and the ALJ's decision, plaintiff must show that his impairment is expected to last more than twelve months. 20 C.F.R. § 404.1525(a). Because Morgan does not point to specific medical evidence, this court will briefly review the medical record after addressing Morgan's credibility.

**a.    Morgan's Credibility**

Morgan asserts that the ALJ was required to consider his testimony regarding why he can no longer perform substantial gainful activity. Plaintiff's Opening Brief at 13. Morgan submitted statements to the record and testified that he cannot stand more than ten to fifteen minutes or walk on uneven surfaces. Tr. 144-47, 634-35. He also testified that his obsessive compulsive disorder (OCD) symptoms did not effect his ability to work. Tr. 631. Morgan additionally stated that he is always fatigued and cannot work more than six or seven hours without excessive fatigue. Tr. 628-29. However, Morgan also submitted a statement saying he could work at his computer without tiring. Tr. 112.

8 - OPINION AND ORDER

Morgan's testimony is consistent with his part-time work record.  However, Morgan's testimony only establishes that he works part-time.  It does not show that part-time work is medically necessary or would be necessary regardless of his work activities. A claimant's testimony may be credited as true when that testimony resolves all outstanding issues and the record supports an immediate award of benefits.  *Varney v. Secretary for Health and Human Services*, 859 F.2d 1396, 1401 (9th Cir. 1988).  This is not so here, and Morgan's testimony cannot therefore be credited.  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).

**b.    The Medical Record**

Morgan does not identify what aspects of the medical record contradict the ALJ's decision.  A review of the record shows the ALJ appropriately relied upon work releases provided by Morgan's treating physicians.   The record shows that Morgan's general practitioner and orthopedic surgeon twice released him in 2001 to work for forty hours per week. Tr. 278, 281.  Doctor Ramsey, Morgan's general practitioner, restricted Morgan from working ten-hour shifts, but made no greater restrictions.  Tr. 281.  Morgan's psychiatrist, Dr. Freedman, made no work restrictions, stating "he has been able to function without significant drawbacks in work settings." Tr. 511.

The only significant relevant work restriction is an August 2001 comment by Morgan's orthopedist, Dr. Wuest, noting that "sedentary duties should be tolerable for Mr. Morgan." Tr. 595.  The ALJ is not required to adapt a physician's work restriction.  *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).  Here, the ALJ found Morgan could perform a modified range of light work, in consideration of Morgan's credited testimony and his medically determined restrictions. Tr. 23.  The ALJ should have made specific findings in the course of his decision.  *Marcia v.*

9 - OPINION AND ORDER

*Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, the ALJ's RFC reasonably encompassed the substantial evidence of record. *See Batson*, 359 F.3d at 1193, *see also Magallanes*, 881 F.2d at 750.

**c.    Lay Witness Testimony**

Morgan's previous supervisor, Bob David, testified at Morgan's hearing that he altered Morgan's work assignments following Morgan's September, 1997 accident. Tr. 638. David also stated that Morgan frequently could not complete his six hour shift at that time. Tr. 638. David's testimony relates to a date at least three years prior to Morgan's 2001 alleged onset date. While an ALJ cannot omit lay evidence describing a claimant's functioning in a work environment, David's testimony does not establish limitations during the period in question. *Stout v. Commissioner, Social Security Administration*, __ F.3d ___, 2006 WL 2052306 at *5 (9th Cir. 2006). Therefore, the ALJ's omission is harmless. This court will not overturn for harmless error.

**d.    Morgan's Work History and Sustainability**

Morgan suggests the ALJ's alternative step four finding is invalid because it does not properly consider his part-time work history. Morgan argues that a history of part-time work cannot be considered SGA for a step four finding. Plaintiff's Opening Brief at 14.

The vocational expert's (VE) testimony suggested that part-time work did not constitute "gainful employment." Tr. 645. The VE did not directly address a step four scenario, which asks only if an individual may return to past relevant work. In making a step four finding, it is appropriate to consider the claimant's work as claimant performed it, rather than relying upon

10 - OPINION AND ORDER

generic job descriptions.  SSR 82-61 *1-2 (available at 1982 WL 31387), SSR 82-62 *3 (available at 1982 WL 31386).

The nature of a claimant's past relevant work may be established via claimant's testimony or the *Dictionary of Occupational Titles*.  SSR 82-62 *3.  Here, Morgan testified that he performed his past relevant work on a  part-time schedule.  Tr. 624-25.

Despite the VE's suggestion that part time work does not constitute "gainful employment," part-time work may constitute SGA.  20 C.F.R. § 404.1572(a).  Social Security Administrative Ruling 96-8p directly addresses the issue of part time hours in establishment of past relevant work:

> The ability to work 8 hours a day for 5 days a week is not always required when evaluating an individual's ability to do past relevant work at step 4 of the sequential evaluation process.  Part-time work that was substantial gainful activity, performed within the past 15 years, and lasted long enough for the person to learn to do it, constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled.

> SSR 96-8p, n.2 (available at 1996 WL 374184).

The Ninth Circuit agrees, noting that "SSA regulations specifically state that work may be substantial even if it is done on a part time basis," and finding "this court has held that part time work may be enough to find SGA."  *Katz v. Sec'y of Health and Human Serv.*, 972 F.2d 290, 292 (9th Cir. 1992) (citing *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990).  Under this analysis, Morgan's consistent part-time work history during the period in question constitutes past relevant work at step four.

Morgan also argues that a sporadic or erratic work history points to a finding of disability.  Plaintiff's Opening Brief at 14, citing *Gatliff v. Comm. of Soc. Sec. Admin.*, 172 F.3d

690 (9th Cir. 1999). The *Gatliff* claimant occupied twenty to thirty jobs within fifteen years and was unable to retain employment due to his personality disorder. *Gatliff*, 172 F.3d at 691. Morgan's work history is not analogous to that scenario. Morgan maintained employment throughout the period in question, changing jobs nine times in sixteen years. Tr. 99, 624. *Gatliff* is inapplicable to the present case. *See also Lewis v. Apfel*, 236 F.3d 503, 516 (9th Cir. 2001).

**III.    Evidence Considered by the Appeals Council**

Morgan argues that the Appeals Council failed to consider new evidence from three physicians and a lay witness that was submitted to the record after the ALJ's decision.

**a.    Medical Source Statements**

Morgan submits the Appeals Council failed to consider statements submitted post-hearing by Morgan's treating psychiatrist Dr. Freedman and a second physician, Dr. Musnick. Plaintiff's Opening Brief at 15. Morgan also refers to a Dr. Baker, but does not articulate what Dr. Baker's opinion establishes. Plaintiff's Opening Brief at 15.

> *1.    **Dr. Freedman***

Morgan's treating psychiatrist, Dr. Freedman, submitted a letter to the record dated July 6, 2004. Tr. 615. Doctor Freedman noted that he has treated Morgan since 1996. Doctor Freedman wrote:

> Over the years, the diagnosis has been crystalized as being that of Asperger's Disorder. This is a condition known as "High-Functioning Autism" and includes very significant and lifelong difficulties in social relationships and as in Mr. Morgan's case, often includes substantial disabling features of obsessive-compulsive disorder. Tr. 615

12 - OPINION AND ORDER

Doctor Freedman also suggested Morgan has a "very significant disability." Tr. 615. Doctor Freedman's records show consistent diagnosis and treatment of depression, anxiety and OCD, but do not reference Asperger's Disorder or disabling impairment. Tr. 508-18. For this reason, Dr. Freedman's letter fails to affect the ALJ's November 2003 analysis. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).

### 2.    *Dr. Musnick*

Doctor Musnick, a physician in Bellevue, Washington, also submitted a post-hearing letter to the record dated September 22, 2004. Tr. 617. In his statement, Dr. Musnick indicates he is a treating physician to Morgan, but provides no clinical notes or records supporting this statement. Tr. 617. The burden of supplying such necessary notes rests upon the claimant. *Yuckert*, 140 U.S. at 146, *Bayliss*, 427 F.3d at 1216. The only records that Dr. Musnick provides are imaging studies showing degenerative arthritis in both ankles and patella tendinitis. Tr. 608-14.

Doctor Musnick states:

> In my opinion [Morgan] is disabled from full time work. He is unable to do any work that requires walking for more than five minutes at a time and no longer than 30 minutes per day. From a Sports Medicine and Orthopedic perspective he would only be able to do sedentary work. He is unfortunately also dealing with severe fatigue and from that perspective is disabled from anything more than 15 - 20 hours per week of sedentary work. He should also not work in any area with poor indoor air quality or potential for chemcial exposures. Tr. 617.

Doctor Musnick's letter does not provide evidence supporting the reduced working hours that he suggests. Nor does Dr. Musnick provide evidence unavailable elsewhere in the record.

13 - OPINION AND ORDER

For these reasons, the Appeals Council was justified in finding that Dr. Musnick did not provide evidence substantially overriding the ALJ's assessment. *Bayliss*, 427 F.3d at 1216, *Ramirez*, 80 F.3d at 1452.

### 3.    *Dr. Baker*

Morgan's submission refers to Dr. Baker's letter to the record, but does not establish the role of this letter in his argument. Plaintiff's Opening Brief at 15. Doctor Baker is an asthma specialist. Tr. 618. His letter to the record notes Morgan's "orthopedic problems" and "severe chronic fatigue" and states, "At this time he [Morgan] should cut the number of hours he works to 18 hours per week," without reference to any notes. Tr. 618. This letter provides no substantiated information and does not establish that Dr. Baker treated or examined Morgan. Again, the Appeals Council did not err in failing to address Dr. Baker's letter. *Bayliss*, 427 F.3d at 1216*, Ramirez*, 80 F.3d at 1452.

## b.    Lay Witness Testimony

Morgan contends that the Appeals Council failed to address lay evidence submitted by occupational therapist Travis Hoffman. Hoffman submitted a physical capacity report to the record dated April 20, 2004. Tr. 603 - 607. This report suggests Morgan is incapable of sustaining "light" work for an eight-hour work day. Tr. 603, 607. The report did not find malingering or significant self-limitation. Tr. 603, 607.

An ALJ must provide germane reasons for rejecting lay witness testimony. *Nguyn v. Chater*, 100 F.3d. 1462, 1467 (9th Cir. 1996). Recent jurisprudence suggests silent omission of lay witness testimony regarding a claimant's functioning in a work environment is not harmless. *Stout*, __ F.3d ___, 2006 WL 2052306 at *5. However, Hoffman's testimony was before the

Appeals Council, not an ALJ.  The Appeals Council is only required to disturb an ALJ's opinion if new evidence shows that the ALJ's decision was tainted by legal error or unsupported by substantial evidence.  *Ramirez*, 80 F.3d at 1452.

Hoffman's report is consistent with the ALJ's RFC assessment.  Hoffman found that Morgan could lift ten pounds frequently and twenty pounds occasionally.  Tr. 607.  The RFC contained the same lifting limitations.  Tr. 23.  Hoffman suggested Morgan is unable to sustain employment for an eight hour day.  Tr. 607.  None of the work restrictions submitted by properly supported medical sources supports this finding.  Tr. 278, 281, 595.

Doctors Freedman, Musnick, Baker and therapist Hoffman did not provide new, sustained, information regarding Morgan's impairment or its expected duration.  Therefore, the Appeals Council appropriately considered the evidence in affirming the ALJ.  *See Ramirez*, 8 F.3d at 1452.

///

///

///

///

///

///

15 - OPINION AND ORDER

## <u>CONCLUSION</u>

The Commissioner's decision that Morgan did not suffer from disability and is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and supported by substantial evidence.  The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this ___31_ day of August, 2006.


__/s/Ancer L.Haggerty_____
ANCER L. HAGGERTY
United States District Judge